IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARTINSON INDUSTRIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>NORTH AMERICAN RESCUE, LLC and NORTH AMERICAN RESCUE HOLDINGS, LLC,<br><br>Defendants. | ) | C.A. No. 18-1358 (CFC)<br><br>**JURY TRIAL DEMANDED** |

**FIRST AMENDED COMPLAINT**
**FOR PATENT INFRINGEMENT AND UNFAIR COMPETITION**

Plaintiff Martinson Industries, LLC (hereinafter "Plaintiff" or "Martinson"), by and through undersigned counsel, files this First Amended Complaint for Patent Infringement and Unfair Competition against Defendants North American Rescue, LLC and North American Rescue Holdings, LLC (collectively "Defendants" or "NAR") alleging as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, and results from NAR's infringement of Martinson's patented innovations related to tactical equipment, and for unfair competition arising under the Lanham Act, Title 15 of the United States Code, and corresponding state law.

## PARTIES

2. Martinson is a limited liability company organized and existing under the laws of Delaware, with its principal place of business at 27 Pearl Street, Fourth Floor, Portland, Maine 04101.

3. Upon information and belief, defendant North American Rescue, LLC is a limited liability company organized and existing under the laws of Delaware and has its principal place of business located at 35 Tedwall Court, Greer, South Carolina 29650. Upon information and belief, North American Rescue, LLC may be served with process through its registered agent for service in Delaware: National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904.

4. Upon information and belief, defendant North American Rescue Holdings, LLC is a limited liability company organized and existing under the laws of Delaware and has its principal place of business located at 35 Tedwall Court, Greer, South Carolina 29650. Upon information and belief, North American Rescue Holdings, LLC may be served with process through its registered agent for service in Delaware: National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904.

## JURISDICTION AND VENUE

5. Martinson incorporates by reference and re-alleges the allegations of paragraphs 1 through 4.

6. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

7. This is an action for unfair competition arising under the Lanham Act, 15 U.S.C. § 1051 *et seq*, and unfair competition and deceptive trade practices under Delaware law.

8. This Court has exclusive jurisdiction over the subject-matter of this complaint for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has jurisdiction over the Lanham Act claims pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338, and over the corresponding state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

10. This Court has personal jurisdiction over North American Rescue, LLC because, *inter alia,* it is a limited liability company formed under the laws of Delaware and is therefore a resident of Delaware.

11. This Court has personal jurisdiction over North American Rescue Holdings, LLC because, *inter alia,* it is a limited liability company formed under the laws of Delaware and is therefore a resident of Delaware.

12. Upon information and believe, this Court also has personal jurisdiction over NAR because, *inter alia,* NAR has purposefully availed itself of the rights and benefits of Delaware law by engaging in systematic and continuous contacts with the state of Delaware by advertising, offering for sale, and/or selling its products to law enforcement and emergency service agencies and organizations located in Delaware.

13. Venue is proper under 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL ALLEGATIONS

14. After he was honorably discharged from the United States Marines Corps, Allan Ray McIntire, Jr. (hereinafter "Mac") turned his attention to creating inconspicuous tactical equipment capable of providing lifesaving protection at a moment's notice. As a member of Martinson, Mac refined his invention through multiple prototypes until it was ready for introduction to the market. In tribute to Mac's grandmother, Martinson branded its innovative, convertible bag/vest product the ELSA, which Martinson converted to an initialism—ELSA: Emergency Life Saving Armor.

15. The ELSA was well-received by the industry. When displayed at industry trade shows, such as the industry-leading SHOT Show, the product attracted significant attention and received high praise for its novel approach to combining discrete, concealed armor protection with rapid deployment capabilities. In addition, the ELSA product has been acclaimed by numerous industry media outlets, including Soldier Systems Daily, Recoil Magazine, On Target Magazine, and numerous YouTube gear reviewers.

16. As a result of Martinson's efforts to protect its intellectual property in the ELSA product, Martinson is the owner of U.S. Patent Nos. 9,737,100 ("the '100 Patent") and 9,861,145 ("the '145 Patent"), each entitled "Concealable Body Armor and Combination Bag/Vest."

17. Because NAR is currently marketing and selling a product that infringes both the '100 Patent and the '145 patent, Martinson brings this action for patent infringement to put an end to the infringement and to recover damages for the harm caused by NAR.

18. Because NAR has been using Martinson's ELSA mark to advertise, market, and sell the infringing products, Martinson brings this action for unfair competition to put an end to NAR's unauthorized use of the ELSA mark and to recover damages for the harm caused by NAR.

## THE '100 PATENT

19. The U.S. Patent and Trademark Office duly issued the '100 Patent, titled "Concealable Body Armor and Combination Bag/Vest," to Martinson on August 22, 2017. A true and correct copy of the '100 Patent is attached as Exhibit 1.

20. The claims of the '100 Patent are valid and enforceable. All rights in, to, and under the '100 Patent have been assigned to Martinson, and Martinson has the exclusive right to enforce the '100 Patent.

## THE ’145 PATENT

21. The U.S. Patent and Trademark Office duly issued the ’145 Patent, titled “Concealable Body Armor and Combination Bag/Vest,” to Martinson on January 9, 2018. A true and correct copy of the ’145 Patent is attached as Exhibit 2.

22. The claims of the ’145 Patent are valid and enforceable. All rights in, to, and under the ’145 Patent have been assigned to Martinson, and Martinson has the exclusive right to enforce the ’145 Patent.

## NAR’S NOTICE OF MARTINSON’S PATENT RIGHTS

23. Upon information and belief, on November 19, 2015, Martinson sent NAR a letter advising NAR of Martinson’s provisional patent rights (“Notice Letter”).

24. Upon information and belief, Martinson’s Notice Letter further advised NAR that Martinson believed that NAR’s “ELSA” and “ESCORT” products infringed Martinson’s provisional patent rights. The Notice Letter referenced Martinson’s then–pending patent application by publication number.

25. Upon information and belief, the Notice Letter contained a typographical error with regard to the publication number.

26. Upon information and belief, in response to its Notice Letter, Martinson received a letter from Sven W. Hanson on behalf of Phalanx Defense Systems, LLC (“Phalanx”), dated December 1, 2015 (“Response Letter”).

27. Upon information and belief, the Response Letter cited the correct publication number for Martinson’s then-pending patent application, confirming that the recipients of the Notice Letter had actual knowledge of the correct publication number of Martinson’s published

patent application, and further confirming that there was no confusion regarding the publication number referred to in the Notice Letter despite the typographical error.

28. Upon information and belief, the Response Letter stated that NAR had purchased the remaining inventory of Phalanx's ELSA products. The Response Letter further acknowledged that these ELSA products had been manufactured under a license to Martinson's then-pending patent application.

29. Upon information and belief, Brent Branson at NAR received a copy of the Response Letter from Sven W. Hanson and/or Phalanx on or around December 1, 2015.

30. Upon information and belief, at least as early as its receipt of the Response Letter, NAR was aware that the ELSA products that NAR purchased from Phalanx was an embodiment of the invention disclosed and claimed in Martinson's then-pending patent application.

31. Upon information and belief, NAR knew, or should have known, that the AGENT Ballistic Vest was identical in all material respects to the ELSA product that NAR previously purchased from Phalanx.

32. Upon information and belief, NAR intentionally attempted to mislead consumers into believing there is a relationship between the ELSA and the AGENT Ballistic Vest by including the phrase "formerly known as the ELSA™ (Emergency Life Saving Armor™)" in its marketing and advertising of the AGENT Ballistic Vest, including but not limited to advertising as such via its online website.

33. Since at least the issuance of the '100 Patent, Martinson has marked its ELSA combination bag/vest products with patent number 9,737,100.

34. Since at least the issuance of the '145 Patent, Martinson has marked its ELSA combination bag/vest products with patent number 9,861,145.

## MARTINSON'S ELSA TRADEMARK

35. At least as early as December 2013, Martinson adopted the mark ELSA to identify its innovative combination bag/vest product.

36. Since adoption of the ELSA mark, Martinson has continuously used the ELSA mark in interstate commerce to identify its combination bag/vest product to consumers.

37. Martinson's ELSA product is widely recognized for its superior quality and enjoys substantial popularity in the marketplace.

38. As a result of Martinson's use of the ELSA mark in connection with its combination bag/vest product, the ELSA mark has become exclusively associated with Martinson by consumers.

39. Martinson has developed extensive goodwill in its ELSA mark through years of substantial effort and investment, including its efforts to develop, advertise and promote the ELSA product.

40. Martinson's ELSA mark, when used on or in connection with combination bag/vest products, is identified and associated in consumers' minds exclusively with Martinson.

41. The ELSA mark is strong, highly distinctive of Martinson, and entitled to the broadest scope of protection.

42. As a result of its continuous use in connection with its combination bag/vest product, Martinson has developed valuable goodwill in its ELSA mark.

43. NAR's use of the ELSA mark is not authorized by Martinson as Martinson has never directly licensed or otherwise authorized NAR to use its ELSA mark.

## NAR'S WRONGFUL CONDUCT

44. Upon information and belief, NAR markets and sells a combination bag/vest called the AGENT Ballistic Vest in the United States.

45. Upon information and belief, the AGENT Ballistic Vest is a stitch-for-stitch copy of Martinson's ELSA combination bag/vest, which is an embodiment of both the '100 Patent and the '145 Patent.

46. Upon information and belief, NAR was provided notice of Martinson's provisional patent rights and potential infringement of those rights since at least as early as November 2015. Since being put on notice, it was objectively reckless and unreasonable for NAR to continue to make, use, sell, offer to sell, and/or import its AGENT Ballistic Vest.

47. Upon information and belief, NAR has intentionally attempted to mislead consumers into believing there is an association between NAR and Martinson by including the phrase "formerly known as the ELSA™ (Emergency Life Saving Armor™)" in its marketing of the AGENT Ballistic Vest.

48. Upon information and belief, NAR's unauthorized use of Martinson's ELSA mark has caused actual confusion to potential and actual customers of Martinson.

49. Upon information and belief, NAR's intentional association of its AGENT Ballistic Vest with Martinson's ELSA product induced consumers to infringe Martinson's patent rights.

50. NAR's infringement of the '100 Patent and the '145 Patent warrants a finding that this is an exceptional case, entitling Martinson to recover its attorneys' fees and expenses.

51. Upon information and belief, NAR's unauthorized use of Martinson's ELSA mark was conducted willfully, and deliberately, with the intent to appropriate the goodwill developed by Martinson.

**COUNT 1**
**INFRINGEMENT OF '100 PATENT**

52. Martinson incorporates by reference and re-alleges the allegations of paragraphs 1 through 51.

53. Upon information and belief, NAR has infringed, and continues to infringe, at least claim 1 of the '100 Patent under 35 U.S.C. §271, literally and/or under the doctrine of equivalents, by making, using selling, offering to sell, and/or importing the AGENT RTF Kit bearing item # 80-0410. By way of example, Exhibit 3 compares the AGENT RTF Kit to claim 1 of the '100 Patent.

54. Upon information and belief, NAR has sold and/or offered to sell additional products with technical details that are similar to the AGENT RTF Kit, including the AGENT Ballistic Vest (item # 70-0072) and the AGENT Ballistic Vest Level IIIA Body Armor (item # 70-0070). The comparisons in Exhibit 3 apply to each NAR product having similar technical details in all material respects to the AGENT RTF Kit.

55. Upon information and belief, NAR has offered for sale the AGENT RTF Kit, AGENT Ballistic Vest, and AGENT Ballistic Vest Level IIIA Body Armor products throughout the United States and within this Judicial District.

56. Upon information and belief, at least by November 19, 2015 and no later than December 1, 2015, NAR has been on notice of Martinson's patent rights. NAR's conduct in selling, and continuing to sell, the AGENT RTF Kit, AGENT Ballistic Vest, and AGENT Ballistic Vest Level IIIA Body Armor products after being aware of Martinson's patent rights, constitutes reckless behavior amounting to willful infringement.

57. Upon information and belief, NAR has knowingly induced other persons, such as its customers and end users, to directly infringe the ’100 Patent by advertising and promoting the infringing products for sale, for example, through its website and product catalogs.

58. Upon information and belief, NAR engaged in such inducement to promote the sales of the infringing products, and actively induced customers and end users to purchase and use products that infringe the ’100 Patent, despite being aware that its products were unlicensed and infringed Martinson’s intellectual property rights.

59. NAR’s acts of infringement have caused damage to Martinson, and Martinson is entitled to recover from NAR damages sustained as a result of NAR’s infringement of the ’100 Patent.

60. NAR’s acts of infringement have caused, and will continue to cause, irreparable harm to Martinson. NAR and Martinson directly compete in the market for tactical equipment. Martinson is being forced to compete against products that infringe Martinson’s patented inventions. Because NAR’s infringement has cost Martinson market share and downstream sales, and forced Martinson to compete against embodiments of its own invention, any hardship that an injunction would cause pales in comparison to the hardship Martinson will continue to suffer because of NAR’s infringement. The public interest favors an injunction to protect Martinson’s investment-based risk that resulted in a patented invention, and to enforce Martinson’s statutory right to exclude. The circumstances of NAR’s infringement thus warrant an injunction barring NAR from further infringement of the ’100 Patent.

## COUNT 2
## INFRINGEMENT OF ‘145 PATENT

61. Martinson incorporates by reference and realleges the allegations of paragraphs 1 through 60.

62. Upon information and belief, NAR has infringed, and continues to infringe, at least claim 1 of the ’145 Patent under 35 U.S.C. §271, literally and/or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing the AGENT RTF Kit bearing item # 80-0410. By way of example, Exhibit 4 compares the AGENT RTF Kit to claim 1 of the ’145 Patent.

63. Upon information and belief, NAR has sold and/or offered to sell additional products with technical details that are similar to the AGENT RTF Kit, including the AGENT Ballistic Vest (item # 70-0072) and the AGENT Ballistic Vest Level IIIA Body Armor (item # 70-0070). The comparisons in Exhibit 4 apply to each NAR product having similar technical details in all material respects to the AGENT RTF Kit.

64. Upon information and belief, NAR has offered for sale the AGENT RTF Kit, AGENT Ballistic Vest, and AGENT Ballistic Vest Level IIIA Body Armor products throughout the United States and within this Judicial District.

65. Upon information and belief, at least by November 19, 2015 and no later than December 1, 2015, NAR has been on notice of Martinson’s patent rights. NAR’s conduct in selling, and continuing to sell, the AGENT RTF Kit after being aware of Martinson’s patent rights, constitutes reckless behavior amounting to willful infringement.

66. Upon information and belief, NAR has knowingly induced other persons, such as its customers and end users, to directly infringe the ’145 Patent by advertising and promoting the infringing products for sale, for example, through its website and product catalogs.

67. Upon information and belief, NAR engaged in such inducement to promote the sales of the infringing products, and actively induced customers and end users to purchase and

use products that infringe the '145 Patent, despite being aware that its products were unlicensed and infringed Martinson's intellectual property rights.

68. NAR's acts of infringement have caused damage to Martinson, and Martinson is entitled to recover from NAR damages sustained as a result of NAR's infringement of the '145 Patent.

69. NAR's acts of infringement have caused, and will continue to cause, irreparable harm to Martinson. NAR and Martinson directly compete in the market for tactical equipment. Martinson is being forced to compete against products that infringe Martinson's patented inventions. Because NAR's infringement has cost Martinson market share and downstream sales, and forced Martinson to compete against embodiments of its own invention, any hardship that an injunction would cause pales in comparison to the hardship Martinson will continue to suffer because of NAR's infringement. The public interest favors an injunction to protect Martinson's investment-based risk that resulted in a patented invention, and to enforce Martinson's statutory right to exclude. The circumstances of NAR's infringement thus warrant an injunction barring NAR from further infringement of the '145 Patent.

## COUNT 3
## UNFAIR COMPETITION UNDER THE LANHAM ACT § 1125(a)(1)(A)

70. Martinson incorporates by reference and realleges the allegations of paragraphs 1 through 69.

71. Martinson is the owner of the ELSA mark.

72. The ELSA mark is highly distinctive and is recognized as a source indicator by consumers and end users, who exclusively associate the ELSA mark with Martinson as the source of the products.

73. Martinson's ownership and use in commerce of the ELSA mark predates the use by NAR.

74. NAR's unauthorized use in commerce of the ELSA mark as described above constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a)(1)(A) that is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of NAR with Martinson and/or as to the origin, sponsorship, or approval by Martinson of NAR's goods. NAR's unauthorized use has caused irreparable harm to Martinson and the goodwill Martinson has developed in the ELSA mark.

75. Upon information and belief, NAR intentionally and willfully used Martinson's ELSA mark to confuse or deceive consumers and end users as to the affiliation, connection, or association of NAR with Martinson, and as to the origin, sponsorship, or approval of NAR's goods by Martinson.

76. Upon information and belief, at least one potential customer reached out to Martinson expressing confusion regarding NAR's use of the ELSA mark and indicating that NAR's use of "formerly known as ELSA" had been perceived to mean that Martinson was no longer in the business of selling its ELSA combination bag/vest product.

77. As a direct and proximate result of NAR's violations of 15 U.S.C. § 1125(a), Martinson has been and will continue to be damaged irreparably and, unless NAR is restrained, Martinson will continue to be so damaged because it has no adequate remedy at law.

78. Upon information and belief, NAR has realized substantial profits and other benefits, rightfully belonging to Martinson as a result of NAR's wrongful conduct.

79. This is an exceptional case under 15 U.S.C. § 1117, entitling Martinson to recover its reasonable attorneys' fees.

**COUNT 4**
**UNFAIR COMPETITION UNDER THE LANHAM ACT § 1125(a)(1)(B)**

80. Martinson incorporates by reference and realleges the allegations of paragraphs 1 through 79.

81. Upon information and belief, in violation of 15 U.S.C. § 1125(a)(1)(B), NAR intentionally and willfully disseminated or permitted the dissemination of literally false, materially misleading, or deceptive factual representations regarding the nature, characteristics, and features of its own goods, including, without limitation, the AGENT RTF Kit, AGENT Ballistic Vest, and AGENT Ballistic Vest Level IIIA Body Armor products, through advertising and marketing in its online website and/or product catalogs.

82. Upon information and belief, NAR made, directed or permitted these false, misleading and deceptive misrepresentations to mislead, or which are likely to mislead, a substantial portion of actual and potential customers and end users of the AGENT RTF Kit, AGENT Ballistic Vest, and AGENT Ballistic Vest Level IIIA Body Armor products, including Martinson's actual and potential customers and end users.

83. Upon information and belief, NAR made, directed, or permitted these false, misleading, and deceptive misrepresentations regarding the AGENT RTF Kit, AGENT Ballistic Vest, and AGENT Ballistic Vest Level IIIA Body Armor products offered in interstate commerce.

84. Upon information and belief, NAR's actions are likely to cause confusion among the consumers and end users of the AGENT RTF Kit, AGENT Ballistic Vest, and AGENT Ballistic Vest Level IIIA Body Armor products.

85. Upon information and belief, at least one potential customer, upon viewing NAR's website listing for the AGENT RTF Kit, AGENT Ballistic Vest, and/or AGENT Ballistic

Vest Level IIIA Body Armor products, reached out to Martinson expressing confusion regarding NAR's use of the ELSA mark and indicating that NAR's use of "formerly known as ELSA" had been perceived to mean that Martinson was no longer in the business of selling its ELSA combination bag/vest product.

86. As a direct and proximate result of NAR's false, misleading, and deceptive representations, Martinson has suffered damages in an amount to be determined at trial.

87. As a direct and proximate result of NAR's false, misleading, and deceptive representations, Martinson has suffered and is continuing to suffer irreparable harm to its goodwill and reputation for which there is no adequate remedy at law.

88. This is an exceptional case under 15 U.S.C. § 1117, entitling Martinson to recover its reasonable attorneys' fees.

## COUNT 5
## DELAWARE COMMOM LAW UNFAIR COMPETITION

89. Martinson incorporates by reference and realleges the allegations of paragraphs 1 through 88.

90. Martinson has common law rights in the ELSA mark, which is uniquely associated with Martinson's combination bag/vest product.

91. Martinson has expended significant resources in development, promotion, and protection of its ELSA mark.

92. Upon information and belief, NAR's use of the ELSA mark in connection with its website www.narescue.com, and the advertising of the AGENT RTF Kit, AGENT Ballistic Vest, and AGENT Ballistic Vest Level IIIA Body Armor products thereon has been without the permission or authorization of Martinson.

93. Upon information and belief, NAR's unauthorized use of the ELSA mark has caused a likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification of the www.narescue.com website and the AGENT RTF Kit, AGENT Ballistic Vest, and AGENT Ballistic Vest Level IIIA Body Armor products in violation of the common law of unfair competition in Delaware.

94. Upon information and belief, this unauthorized use falsely signals to the general public that Martinson approved or is affiliated with www.narescue.com, and the AGENT RTF Kit, AGENT Ballistic Vest, and AGENT Ballistic Vest Level IIIA Body Armor products.

95. Martinson has been and will continue to be damaged by NAR's infringement and acts of unfair competition in an amount to be determined at trial.

96. Upon information and belief, NAR's unauthorized use of the ELSA mark constitutes conduct that is willful, deliberate, intentional, and in bad faith.

97. Upon information and belief, NAR has wrongfully interfered with Martinson's use of its ELSA mark, and thereby defeated Martinson's legitimate expectancy and caused Martinson harm.

98. NAR's acts of unfair competition have directly and indirectly caused, and will continue to cause, immediate and irreparable harm and injury to Martinson and to the goodwill associated with Martinson's ELSA mark, for which Martinson has no adequate remedy at law. Martinson is, therefore, entitled to injunctive and other relief.

**COUNT 6**
**DELAWARE STATUTORY DECEPTIVE TRADE PRACTICES**

99. Martinson incorporates by reference and realleges the allegations of paragraphs 1 through 98.

100. Upon information and belief, NAR's use of the phrase "formerly known as the ELSA™ (Emergency Life Saving Armor™ )" in connection with the AGENT RTF Kit, AGENT Ballistic Vest, and AGENT Ballistic Vest Level IIIA Body Armor products constitutes, *inter alia*, a passing off of its goods; causes a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval of its goods; causes a likelihood of confusion or of misunderstanding as to affiliation, connection, or association with another; represents that its goods/services have sponsorship or approval that they do not have; engages in conduct which similarly creates a likelihood of confusion or of misunderstanding within the meaning of the Uniform Deceptive Trade Practices Act as enacted at *6 Del. C.* § 2531 *et seq*.

101. As a direct consequence of NAR's unlawful acts and practices, Martinson has suffered and will continue to suffer damage to its business reputation and goodwill, for which Martinson is entitled to relief.

102. By reason of NAR's unlawful acts and practices, NAR has caused, is causing and, unless such acts are enjoined by the Court, will continue to cause irreparable harm to Martinson for which there is no adequate remedy at law and for which Martinson is entitled to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Martinson respectfully requests the Court enter judgment in its favor and against NAR as follows:

A. Finding that NAR has infringed the '100 Patent and '145 Patent under 35 U.S.C. § 271;

B. Finding that NAR's infringement of the '100 Patent and the '145 Patent was willful;

C. Awarding damages to Martinson under 35 U.S.C. § 284 along with interests and costs for NAR's infringement of the '100 Patent and the '145 Patent.

D. Finding that this case is an exceptional case under 35 U.S.C. § 285 and awarding all remedies available thereunder including Martinson's attorneys' fees;

E. Entering a permanent injunction under 35 U.S.C. § 283 enjoining NAR, its officers, partners, employees, agents, parent subsidiaries, attorneys, and anyone acting in concert or participating with NAR from making, selling, offering for sale, importing, or using a product that infringes the '100 Patent and the '145 Patent;

F. Finding that NAR has engaged in unfair competition under 15 U.S.C. § 1125(a) and applicable state law;

G. Awarding damages to Martinson under 15 U.S.C. § 1117 along with interests and costs for NAR's acts of unfair competition;

H. Finding that this is an exceptional case under 15 U.S.C. § 1117 and awarding Martinson's its reasonable attorneys' fees;

I. Entering a permanent injunction under 15 U.S.C. § 1116 enjoining NAR, its officers, partners, employees, agents, parent subsidiaries, attorneys, and anyone acting in concert or participating with NAR from engaging in further false advertising of the AGENT RTF Kit, AGENT Ballistic Vest, and AGENT Ballistic Vest Level IIIA Body Armor products; and

J. Awarding to Martinson such other and further relief, both legal and equitable, as this Court or a jury deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jying@mnat.com
*Attorneys for Plaintiff*

OF COUNSEL:

Sean L. Sweeney
TREDECIM LLC
91-J Auburn Street, #1133
Portland, ME 04103
(207) 221-6100

December 7, 2018

**CERTIFICATE OF SERVICE**

I hereby certify that on December 7, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on December 7, 2018, upon the following in the manner indicated:

Robert W. Whetzel
Jason J. Rawnsley
RICHARDS, LAYTON & FINGER, P.A.
920 North King Street
Wilmington, DE 19801
*Attorneys for Defendants*

*VIA ELECTRONIC MAIL*

Tim F. Williams
Crockett Hailey
DORITY & MANNING, P.A.
P.O. Box 1449
Greenville, SC 29602-1449
*Attorneys for Defendants*

*VIA ELECTRONIC MAIL*

*/s/ Jennifer Ying*

Jennifer Ying (#5550)